## WAGNON v. ELAM.

### No. 9182.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 22, 1933.

Jas. G. Cook, of Sinton, for plaintiff in error.

L. J. Freeman, of Beeville, for defendant in error.

FLY, Chief Justice.

This is an appeal from a judgment by default taken by defendant in error against plaintiff in error, in an action on a promissory note in the sum of $200, together with interest and attorney's fees. The writ of error is based on the contention that service was not had upon plaintiff in error in the court below in a manner sufficient to form the basis of a judgment by default.

The citation was duly signed by the county clerk, and his official seal placed thereon. The date appearing above the signature of the county clerk is the 11th day of July, 1932. It commands the defendant to appear in the county court on July 4, 1932, and the date of issuance, indorsed over the signature of the county clerk on the back of the citation, is the 11th day of June, 1932. The citation was duly served on plaintiff in error on the 18th day of June, 1932, and returned and filed in the county court by the clerk on June 18, 1932.

The objects for the provisions of article 2286, which prescribe the requisites of a citation, are for the purpose of giving notice to the defendant of the pendency of a certain suit, the parties thereto, the amount claimed, evidenced by certain described instrument or open account, the term of the court, and the first day thereof, and, when these requisites are fully complied with, as fully appears from the citation in this case, the defendant cannot possibly be misled or injured by a palpable error in the date of the citation just above the signature of the clerk. In this case the writ was served on plaintiff in error on the 18th day of June, and he could not have been deceived by the error in dating the writ on July 11th, instead of June 11th. He knew, as any reasonable creature would have known, that July 11th was an impossible date, and was inserted in the writ by mistake. He was duly notified and knew that the court would meet on July 4, 1932, no matter what the date would have been just above the signature of the clerk. On the back of the writ above the signature of the clerk the date of June 11, 1932, was given as the time of issuance of the writ, and this served to clarify and fully correct the mistake on the inside of the writ. Plaintiff in error was fully notified of all the essentials of the case against him in the county court, and failed to appear and answer, and judgment by default was properly rendered against him.

The error could readily have been cured by amendment, if plaintiff in error had called it to the attention of the court, and, if he had desired a continuance after such amendment, there can be no doubt the court would have granted it. Andrews v. Ennis, 16 Tex. 45.

Plaintiff in error might have some cause for complaint if the error in the date had misled him, or had obscured from him the day and term of court at which the case would be called, and on which he was commanded to appear. He alleges no injury accruing to him by reason of the error in the date, because it is fully apparent that no injury could possibly be sustained by him on account of it.

We hold that the writ was in substantial compliance with the statute, and, if a reversal took place on account of the error in the date, it would be based on an unconscionable and perhaps ridiculous technicality. All the requirements of the statute were to all intents and purposes complied with.

The judgment will be affirmed.